IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 11 B 03587 |
| David & Holly Baca ) | Judge Hon. Schmetterer |
| ) | CHAPTER 13 |
| _____) | |
| David & Holly Baca ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ADV. NO. 11 AP 00388 |
| U.S. Bank National Association ) | |
| Defendant. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.    The Parties**

1. The Plaintiff are David & Holly Baca ("Plaintiff").

2. The Defendant is U.S. National Bank Association ("Defendant").

**B.    Factual Background**

1. On or about January 31, 2011, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiff owns the real estate commonly known as 1327 W. Concord Lane, Schaumburg, IL 60193.

3. Nationstar Mortgage LLC holds a first mortgage lien on the real property commonly known as 1327 W. Concord Lane, Schaumburg, IL 60193, with a secured claim of $276,082.62 pursuant to the Plaintiff's credit report. A proof of claim was filed on May 12, 2011 for the first mortgage lien at the time the instant adversary case was pending.

4. The Defendant holds a second mortgage lien on the real property known as 1327 W. Concord Lane, Schaumburg, IL 60193 in the approximate amount of $52,578.93 evidenced by the proof of claim filed on March 30, 2011.

5. The Plaintiffs obtained an appraisal of the property on January 13, 2011 indicating the value of 1327 W. Concord Lane, Schaumburg, IL 60193 as $225,000.00.

6. The first mortgage lien of Nationstar Mortgage LLC is a secured claim based on the mortgage recorded on March 14, 2007 as document number 1002109 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of U.S. Bank National Association is a claim based on the mortgage recorded on March 14, 2007 as document number 10002110 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 Plan provides that the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $1961.00 per month.

9. Under the Plan, general unsecured creditors will be paid a dividend of one hundred percent (100%) of their allowed claims.

10. The Plaintiffs' Chapter 13 Plan states at Section G paragraph 1, U.S. Bank National Association holds a junior mortgage lien in the amount of $52,578.93 against Debtors' personal residence which is located at 1327 W. Concord Lane, Schaumburg, IL 60193. The junior mortgage lien is secured by collateral that is fully encumbered by liens with higher priority. The junior mortgage lien of U.S. Bank National Association is hereby avoided on debtors' personal residence pursuant to 11 U.S.C. Section 506(a), 1123(b)(5), 1141, 1322(b)(2), and 1327. No payment will be made on the junior mortgage lien claim on account of its' secured status, but to the extent that the claim is allowed, it will be paid as an

unsecured claim under Debtors' Plan. The claim of the junior mortgage shall be discharged upon the entry of the final discharge in the underlying Chapter 13 Bankruptcy Case. The avoidance of the junior mortgage lien is valid upon Debtors' successful completion of the Chapter 13 Plan and obtain a valid Chapter 13 discharge. Upon discharge the junior mortgage lien, its successors or assigns shall record a release of their lien on the subject property.

11. On May 26, 2011, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 1327 W. Concorde Lane, Schaumburg, IL 60193.

12. On May 26, 2011, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Registered U.S. Mail, postage prepaid to an officer of the Defendant at 800 Nicollet Mall, Minneapolis, MN 55402

13. The summons indicated that a motion or answer was required within 35 days of issuance; to date, no responsive pleading has been filed.

14. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

15. No evidence has been presented to challenge the appraised value of $225,000.00.

16. The secured claim of U.S. Bank National Association in the amount of $52,578.93 exhausts the value and equity in Plaintiff's residence.

17. There is no value and equity to support the claim of the Defendant.

## PROPOSED CONCLUSIONS OF LAW

A.  **Jurisdiction**

   1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

   2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

B.  **Argument**

   3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

   4. The Debtor scheduled the first secured claim of Nationstar Mortgage LLC in the amount of $276,082.62 and the second U.S. Bank National Association claim in the amount of $52,578.93.

   5. A proof of claim was filed for the first secured claim at the time this adversary case was filed. Nationstar Mortgage LLC holds a first lien on Plaintiff's property in the amount of $276,082.62.

   6. A proof of claim has been filed for the second secured lien on the Debtor's property. Pursuant to Defendant's proof of claim, U.S. Bank National holds a second lien on Plaintiff's property in the amount of $52,578.93. The second claim of U.S. Bank National in the amount of $52,578.93 is second in priority.

   7. The value of Plaintiff's residence is $225,000.00.

   8. As there is no value or equity to support the second priority lien of U.S. Bank National, the second lien of U.S. Bank National claim is not a claim secured at all by a security interest in the Debtor's residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F. R. Bankr. P. 3012, and

determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *In re Meyer*, 2009 B 20268, Docket Entry 69 (Bankr.N.D.Ill. January 29, 2010).

DATE: ENTER:

7/7/11

United States Bankruptcy Judge

JUL 07 2011

Respectfully submitted,

/s/ Joseph P. Doyle
Attorney for the Debtor/Plaintiff

Law Offices of Joseph P. Doyle
105 S. Roselle Road
Suite 203
Schaumburg, Illinois 60193
(847) 985-1100